FILED
SUPERIOR COURT
OF GUAM

2024 APR -4 PM 2:04

CLERK OF COURT

IN THE SUPERIOR COURT OF GUAM:_____

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0813-23**<br>GPD Report No. 23-30022 |
| v. | |
| **ARVI I. DANICO**<br>(*aka* **ARVI DANICO QUIOC**)<br>(*aka* **ARVI DANICO INGAL QUIOC**),<br>DOB: 04/16/1997 | **DECISION AND ORDER<br>DENYING DEFENDANT'S MOTION<br>TO DISMISS INDICTMENT** |
| Defendant. | |

## **INTRODUCTION**

This matter came before the Honorable Alberto C. Lamorena, III on March 15, 2024 for hearing on Arvi I. Danico's (*aka* Arvi Danico Quioc's) (*aka* Arvi Danico Ingal Quioc's) ("Defendant's") Motion to Dismiss Indictment ("Motion"). Assistant Attorney General Randall Albright represents the People of Guam, and Attorney George Valdes represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## **BACKGROUND**

In January 2024, Defendant was indicted on one charge of Aggravated Assault (as a 3rd Degree Felony) after allegedly punching and kicking Isaac Snively ("Victim") several times. See Indictment (Jan. 5, 2024). Once the alleged attack stopped, Victim was able to enter a restroom where he then passed out, resulting in his emergency transportation to and treatment at the Guam Regional Medical Center. See Magistrate's Complaint (Dec. 22, 2023).

On February 15, 2024, Defendant filed his Motion to Dismiss Indictment. Defendant claims the People failed to present sufficient evidence supporting the charge of Aggravated Assault (as a 3rd Degree Felony). See Motion at 2-8 (Feb. 15, 2024). Specifically, Defendant claims the People failed

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0813-23, *People of Guam v. Arvi I. Danico*
Page 1 of 4

to present evidence that he either caused or attempted to cause serious bodily injury to Victim. Id. at 4-8.

On February 29, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim they did present evidence of Victim's serious bodily injuries to the grand jury, such as Victim's prolonged period of unconsciousness. See Opposition at 2 (Feb. 29, 2024). Furthermore, the People argue that even if such evidence were not presented, reasonable jurors could have inferred Defendant's intent to cause serious bodily injury given the nature of the attack. Id. at 2-3.

On March 5, 2024, Defendant filed his Reply to Opposition ("Reply). Defendant maintains that insufficient evidence was presented connecting any serious bodily injuries to the alleged assault. See Reply at 2-4 (Mar. 5, 2024).

The Court held a hearing on March 15, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I.  **Preliminary Law:**

a.  **Indictments must be based on reasonable cause, and dismissal is a disfavored remedy.**

During a grand jury proceeding, the prosecuting attorney presents evidence for the grand jury to determine whether "there is *reasonable cause* to believe that an indictable offense has been committed and that the defendant committed it." See 8 G.C.A. § 50.54(b) (emphasis added). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." See *People of Guam v. Grajo*, 1987 WL 109393 at 2 (D. Guam App. Div. 1987) (citations omitted).

"A reviewing court should uphold an indictment if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it." Id. at 2 (emphasis in original). This is a relatively forgiving standard, which indicates how "dismissing an indictment is a disfavored remedy." See *U.S. v. Rodgers*, 751 F.2d 1074, 1076 (9th Cir. 1985).

b.  **Seriousness of the injury can determine an assault's classification.**

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0813-23, *People of Guam v. Arvi I. Danico*
Page 2 of 4

Assault classifications range from petty misdemeanors to second degree felonies. See 9 G.C.A. § 19.10. When grading an assault, the seriousness of the injury inflicted or intended is a "principal factor" to consider. Id.

"A person is guilty of assault if he… either recklessly causes or attempts to cause *bodily injury* to another." See 9 G.C.A. § 19.30(a)(1) (emphasis added). "*Bodily injury* means physical pain, illness, unconsciousness or any impairment of physical condition". See 9 G.C.A. § 16.10(b). Generally speaking, assault is a misdemeanor offense. See 9 G.C.A. § 19.30(e).

However, a person is guilty of the more serious crime of aggravated assault "if he either recklessly causes or attempts to cause… *serious bodily injury* to another." See 9 G.C.A. § 19.20(a)(2) (emphasis added). "*Serious bodily injury* means bodily injury which creates: serious permanent disfigurement; a substantial risk of death or serious, permanent disfigurement; severe or intense physical pain; or protracted loss or impairment of consciousness or of the function of any bodily member or organ". See 9 G.C.A. § 16.10(c).

## II. The grand jury had reasonable grounds to believe Defendant caused or attempted to cause serious bodily injury to Victim.

Applying these standards, a conscientious grand jury clearly could have believed that Defendant recklessly caused or attempted to cause serious bodily injury to Victim. Evidence was presented to the grand jury that Defendant punched Victim in the face, knocked Victim to the ground, and subsequently stomped on Victim multiple times before a third party had to intervene. See Court Recording at 10:23:25am (Mar. 15, 2024). Evidence was also put forward that Victim already had a preexisting foot injury which Defendant specifically targeted during his stomping of Victim. Id. at 10:23:40am. Furthermore, evidence was presented that Defendant woke up in an ambulance following the attack. Id. at 10:22:00am.

This evidence shows that the grand jury acted reasonably when concluding that Defendant caused or attempted to cause serious bodily injury to Victim. The evidence presented shows that Victim suffered intense physical pain. It also shows that Victim suffered an extended period of unconsciousness, one that started in the restroom and continued throughout the duration of his placement into the ambulance. The evidence presented also shows that Defendant specifically

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0813-23, *People of Guam v. Arvi I. Danico*
Page 3 of 4

targeted Victim's preexisting injuries, indicating his intent to cause protracted impairment of Victim's foot. Substantial bodily injury was shown in a variety of ways, and the jury acted reasonably when reaching their decision.

<b><u>CONCLUSION</u></b>

For the reasons stated above, the Court **DENIES** Defendant's Motion. The indictment will not be dismissed because the People put forward sufficient evidence of Defendant's attempt and success in causing serious bodily injury to Victim.

**IT IS SO ORDERED** this April 4, 2024 .



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

_Abi Yanza_

Date: 4/4/24 Time: 2:10
Canberio (w)
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0813-23, *People of Guam v. Arvi I. Danico*
Page 4 of 4